LINKS: 9, 19, 20

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**        **(In Chambers)**

## ORDER REMANDING CASE

### I. INTRODUCTION

     Plaintiff Eileen Lutizetti brings this action against her former employer and manager, Defendants New Albertson's Inc. ("Albertson's") and Daniel Dempsey ("Dempsey"), alleging that she was discriminated against and harassed in connection with her wrongful termination. (Docket No. 18, First Am. Compl. ("FAC") ¶ 8.)  Plaintiff filed her initial complaint in state court, which Defendants subsequently removed to this Court pursuant to 28 U.S.C. § 1332. (Docket No 1., Not.)  Defendants argued that Dempsey, who is a California citizen, was a "sham defendant" joined purely for purposes of destroying diversity jurisdiction, and later moved to have him dismissed from the action.  (Docket No. 5.)  Plaintiff simultaneously filed a motion to remand the case back to state court, in which she averred that a pending, amended complaint contained allegations sufficient to show that Dempsey was properly joined.  (Docket No. 9, Mem. at 6.)  The Court construed that motion as a request for leave to amend, and denied Defendants' motion to dismiss as moot.  (Docket No. 13, 12/14/11 Order at 1.)  Plaintiff has now filed an amended complaint, and Defendants again move to have Dempsey dismissed from the action.  Because it concludes that, on the basis of the amended pleadings, Plaintiff has now properly joined Dempsey, the Court **REMANDS** the case back to state court and **DENIES** the motion to dismiss as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

## II. BACKGROUND

Plaintiff alleges in her FAC that she has been an Albertson's employee for nearly twenty-nine years, most recently at the company's store in Oxnard, California. (FAC ¶ 7.) As a result of her long-time work as a cashier, Plaintiff developed carpal tunnel syndrome in or about July 2010. (Id. ¶¶ 7-8.) Following an appointment with her doctor, Plaintiff contacted her immediate supervisor, Daniel Dempsey, to inform him of her condition. (Id.) Plaintiff showed Dempsey a note from her doctor, and explained that due to the problems she was having with her hands, including numbness, she could not perform routine tasks such as dressing herself, doing laundry, or even gripping things. (Id. ¶ 8.) One week later, Dempsey told Plaintiff that he needed to speak with her in his office, and then told her that she should speak with human resources. (Id. ¶ 9.) Plaintiff alleges that after she told Dempsey about her medical condition, he brought up her "past history of tardiness," and suspended her. (Id. ¶¶ 9-10.) Ten days after her suspension had gone into effect, Plaintiff was informed by her union representative that she had been terminated. (Id. ¶ 10.) Plaintiff alleges that other employees with "significantly more tardiness issues" have not been terminated. (Id. ¶ 15.)

Plaintiff alleges that "it [was] understood that Mr. Dempsey told other employees that he believed Plaintiff was being coached for purposes of filing a workers' compensation claim"; that "Mr. Dempsey is known to dislike workers' compensation claims and [that] his personal animus towards workers' compensation claims and work-related injuries was well-known amongst his employees"; and that "Dempsey was known to terminate, transfer or demote employees with medical conditions," especially those that were work-related. (Id. ¶ 9.) Plaintiff further alleges that it is known among all employees that Dempsey's dislike of workers' compensation claims stems from the fact that his bonus is predicated on a lack of work-related injuries from stores under his management. (Id. ¶ 14.) Plaintiff claims that Oxnard employees Heidi Cuevas and Celia, and Ventura employee Lori Thayer were also terminated because of disabilities or work-related medical conditions. (Id. ¶¶ 11-12.) Finally, Plaintiff alleges that, two weeks following her own termination, Dempsey also terminated Monica Guerra for tardiness. (Id. ¶13.) However, Plaintiff believes that Dempsey informed Guerra that he would reinstate her once Plaintiff's union grievance process was complete, and that Guerra has, in fact, been reinstated. (Id.)

On the basis of these facts, Plaintiff asserts four state law causes of action, for (1) wrongful termination in violation of public policy; (2) disability and medical condition discrimination; (3) disability and medical condition harassment; and (4) retaliatory discharge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

### III. DISCUSSION

#### A. LEGAL STANDARDS

##### 1. FEDERAL JURISDICTION

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action where the amount in controversy exceeds $75,000, and where the matter is between citizens of different states. 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1332(a). "It is well established that for a case to come within this statute there must be complete diversity and that diversity is not complete if any plaintiff is a citizen of the same state as any defendant." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2nd Cir. 1990) (citation omitted). A person's state of citizenship is "determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure." Flatwire Solutions, LLC v. Sexton, 2009 WL 5215757, at *1 (C.D. Cal. Dec. 29, 2009) (citing 28 U.S.C. § 1447(c)). "Courts strictly construe the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal." Id. (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). "The party seeking removal bears the burden of establishing federal jurisdiction." Id. (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

**2. JOINDER UNDER 28 U.S.C. § 1447(E) AND FRAUDULENT JOINDER**

Because joinder of the individual defendant in the original case was improper, but because the amended complaint states a viable claim against the individual defendant, the immediate posture of this case falls between two areas of this circuit's removal and joinder jurisprudence: [1] fraudulent joinder; and [2] joinder of new, non-diverse parties subsequent to removal.

"[T]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder [of a non-diverse defendant] to be fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). Fraudulent joinder is a "term of art." Id. When the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." Id. In the ordinary case, a fraudulent joinder analysis is properly applied only to the actual complaint removed from state court, and not a subsequently filed amended complaint. See, e.g., Pasco v. Red Robin Gourmet Burgers, Inc., 2011 WL 5828153, at *3 (E.D. Cal. Nov. 18, 2011) ("The review of the complaint, however, is constrained to the facts actually alleged therein; it does not extend to facts or causes of action that could be alleged via an amended complaint.") (citing Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1426 n. 12 (9th Cir. 1989) (affirming district court's refusal to consider allegations made in plaintiffs' unfiled, proposed amended complaint submitted as an attachment to a motion for reconsideration to determine whether valid claims had been stated for fraudulent joinder purposes)). See also C. Wright & A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3739, at 580–81 (2d ed. 1985); Smith v. City of Picayune, 795 F.2d 482, 485 (5th Cir. 1986) ("Generally, the right of removal is determined by the pleadings as they stand when the petition for removal is filed.")

Plaintiff concedes that "the causes of action against Mr. Dempsey as presently framed are subject to demurrer or a Rule 12(b)(6) motion to dismiss" because "Mr. Dempsey cannot be personally liable for a wrongful termination," the only cause of action asserted against him in the original complaint. (Docket No. 9, Mem. at 3-4.) Thus, there is no question that removal of the original complaint was proper under "fraudulent joinder" principals. However, Plaintiff has now filed an amended complaint in which she asserts a harassment claim against Dempsey. This brings a different body of law into play.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." At least one court in this District has concluded that where a plaintiff adds a <u>new</u> non-diverse defendant subsequent to removal, §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

1447(e) mandates a five-step joinder analysis. See, e.g., Vincenti v. Exxon Mobil Corp., 2011 WL 5827955, at *2 (C.D. Cal 2011) (citing Schwarzer et al., California Practice Guide, Federal Civil Procedure Before Trial, § 2:3654 (The Rutter Group 2011); Lopez v. General Motors, 697 F.2d 1328, 1332 (9th Cir. 1983)). The factors for consideration are:

> (1) whether the party to be joined would be a necessary party under Rule 19 of the Federal Rules of Civil Procedure; (2) whether the statute of limitations would bar action against the new defendants in state court; (3) whether there is any unexplained delay in seeking joinder; (4) whether plaintiff is seeking to join a party solely to destroy diversity of citizenship; (5) the apparent validity of the claims; and (6) any prejudice to plaintiff, such as whether judgment can be satisfied against the existing defendants or whether the proposed party can be sued in state court.

(Id.) If joinder of the non-diverse defendant is permitted under that five-step analysis, remand is proper. Id. Moreover, in conducting that analysis, even the "potential validity of claims against the proposed additional defendants . . . provides adequate basis for the Court to further find that the proposed additional defendants were not added solely for the purpose of destroying diversity." Id. Conducting such an analysis ensures both that a plaintiff will not be able to evade a finding of fraudulent joinder merely by filing an amended complaint (and that the case will not immediately be removed again upon remand), as well as that a federal court does not entertain significant motion practice on a single, potentially viable cause of action before being able to determine where the case will be heard.

Pursuant to that analysis, and for the reasons set forth below, the Court is persuaded that Dempsey is now properly named in the action, and that complete diversity is therefore lacking.

**B. APPLICATION TO DEFENDANT DEMPSEY**

In their notice of removal, Defendants allege that Plaintiff is, and at all relevant times was, a citizen of California. (Not. ¶ 8.) Likewise, Plaintiff alleges that Dempsey also is, and at all relevant times was, a citizen of California. (FAC ¶ 3.) Defendants allege that Albertson's citizenship for purposes of diversity jurisdiction is Idaho and Ohio, as it is incorporated under the laws of Ohio, and has its principal place of business in Idaho. (Not. ¶ 9.)

Defendants contend in their motion to dismiss that Plaintiff's new harassment claim against Dempsey obviously fails, intimating that the claim has been added solely to defeat diversity jurisdiction. In particular, Defendants contend that Plaintiff's allegations arise from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

personnel management decisions, and therefore support a claim only for discrimination against Albertson's, and not harassment against Dempsey. (Docket No. 13, Mem.)

Under California's Fair Housing and Employment Act, ("FEHA") an employee may bring a claim against an employer for discrimination due to a disability or medical condition. Cal. Gov. Code §12900 et. seq. Defendants note that California courts have previously held that this statute is not meant to "place individual supervisory employees at risk of personal liability for performing the job of making personnel decisions." Janken v. GM Hughes Electronics, 53 Cal.Rptr.2d 741, 744 (Cal. App. 1996). Therefore, Defendants contend, even if the "personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination," as opposed to the supervisory employee. Id. at 756.

However, the FEHA also prohibits "an employer . . . or any other person" from harassing employees. Cal. Gov. Code § 12940(j)(1). California courts have found that, because of this statutory language, FEHA prohibits harassment among employers and supervisory employees alike, thereby giving an employee a direct cause of action against a manager or supervisor for harassment. Reno v. Baird, 957 P.2d 1333, 1336 (Cal. 1990).

As Defendants correctly note, there is a distinction between a harassment claim and a discrimination claim under FEHA. (Mem. at 5.) "[H]arassment consists of a type of conduct not necessary for performance of a supervisory job," such as actions based on personal gratification or other personal motives. Reno, 957 P.2d at 1336. Discrimination, on the other hand, is based on "the performance of necessary personnel management duties." Id. However, the California Supreme Court has recently held that there is "no reason why an employee who is the victim of discrimination based on some official action of the employer cannot also be the victim of harassment by a supervisor for abusive messages that create a hostile working environment." Roby v. McKesson Corp., 219 P.3d 749, 789 (2009). The Roby court noted that "[a]lthough discrimination and harassment are separate wrongs, they are sometimes closely interrelated, and even overlapping, particularly with regard to proof." Id. Accordingly, although Dempsey cannot generally be personally liable for any actions arising from his personnel management duties, he can be liable for harassment if those actions convey an abusive message creating a hostile work environment.

Plaintiff has alleged that "Dempsey sent the clear, demeaning message that work-related injuries and workers' compensation claims would be dealt with harshly . . . result[ing] in a hostile work environment." (FAC ¶ 30.) While this broad accusation alone may not be enough to support a claim for harassment under the FEHA, see Ramirez v. Salvation Army, 2006 WL 1867722, at *4 (N.D. Cal. Jul. 6, 2006), Plaintiff supports her harassment claim with a variety of

**LINKS: 9, 19, 20**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

other factual allegations, including that [1] Dempsey terminated three other employee based solely on disability; [2] Dempsey informed Guerra, a non-disabled employee terminated two weeks after Plaintiff, that he would reinstate her once Plaintiff's union claims were settled; and [3] employees were aware of Dempsey's alleged animus towards worker's compensation claims. (FAC ¶¶ 9, 11-14.) In short, Plaintiff has included allegations that tend to show that Dempsey engaged in conduct that created a hostile work environment for those with medical conditions and work-related injuries. That is enough to state a harassment claims under California law. See California Government Code § 12940(j)(1) ("physical disability" and "medical condition" in its list of protected categories.)

The Court finds that these allegations are more than sufficient for it to conclude that Plaintiff's harassment cause of action does not "obviously" fail to state a claim under "the settled rules of [California],"if indeed it fails at all. In these circumstances the Court cannot say that the claims against Dempsey were added "solely for the purpose of destroying diversity." Vincenti, 2011 WL 5827955, at *3. Plainly Defendants have made no such showing although it may eventually prove difficult for Plaintiff to plead or to prove her claim against Dempsey, that cannot be the basis for finding that he is improperly joined in the action.

The court will therefore consider Dempsey's citizenship for purposes of determining jurisdiction. The Court finds that [1] Plaintiff is a citizen of California; [2] Albertson's is a citizen of both Ohio and Illinois; and [3] Dempsey is a citizen of California. Accordingly, complete diversity of citizenship between the parties does not exist, and the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, the action is **REMANDED** to state court. Defendants' motion to dismiss is **DENIED as moot**.

**LINKS: 9, 19, 20**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-8650 GAF (AJWx) | Date | January 30, 2012 |
|---|---|---|---|
| Title | Eileen Lutizetti v. New Albertson's Inc., et al. | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case back to state court. Defendants' motion to dismiss is **DENIED as moot**. The hearing presently scheduled on the motion to dismiss for February 6, 2012 is hereby **VACATED**.

**IT IS SO ORDERED.**